IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00129-MR
CRIMINAL CASE NO. 1:13-cr-00027-MR

| | |
|---|---|
| FRANKLIN DESHUN GIBBS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this habeas action in abeyance. [CV Doc. 4].[1] According to the government's motion, defense counsel does not object to its request. [Id.].

Petitioner was convicted by plea of possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)). [CR Doc. 24]. The presentence report, prepared in anticipation of Petitioner's sentencing hearing, recommended that Petitioner's Guidelines calculation begin with an

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting that the document is listed on the docket in the civil case file number 1:16-cv-000129-MR, or the letters "CR" denoting that the document is listed on the docket in the criminal case file number 1:13-CR-00027-MR.

enhanced Base Offense Level pursuant to U.S.S.G. § 2K2.1(a)(4)(A) because Petitioner had prior North Carolina convictions for felony discharge of a weapon into occupied property and felony habitual misdemeanor assault which met the Guidelines' definition of a "crime of violence." [CR Doc. 22]. The Court adopted this recommendation and ultimately sentenced Petitioner to a term of imprisonment of 82 months. [CR Doc. 24].

On May 9, 2016, Petitioner commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. In his motion, Petitioner contends that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), one of his predicate convictions, his conviction for North Carolina felony habitual misdemeanor assault no longer qualifies as a "crime of violence" under the Guidelines. [CV Doc. 27-1]. Consequently, Petitioner argues that the enhanced Base Offense Level of his Guidelines calculation was improper and thus his sentence is unlawful. [Id.].

In response to Petitioner's motion, the government has filed a motion to hold this proceeding in abeyance. [CV Doc. 4]. The government notes that this case will be affected by the Supreme Court's decision next Term in Beckles v. United States, 616 Fed. Appx. 415 (11th Cir.), cert. granted, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). [Id. at 2]. One of the questions presented in Beckles is whether Johnson applies retroactively to

cases collaterally challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). The residual clause invalidated in Johnson is identical to the residual clause contained in the Guidelines' provision, § 4B1.2(a)(2), defining "crime of violence."

Based upon the reasons given by the government, and without objection by Petitioner, the Court concludes that the government's motion should be granted.

### ORDER

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 4], is hereby **GRANTED** and this matter is hereby held in abeyance pending the Supreme Court's decision in Beckles. Thereafter, the government shall have 60 days from the date the Supreme Court decides Beckles within which to file its response in this matter.

**IT IS SO ORDERED.** Signed: August 8, 2016

Martin Reidinger
United States District Judge